**ANDREWS, Plaintiff-Appellee, v. YOUNGSTOWN OSTEOPATHIC HOSPITAL ASSOCIATION, d. b. a. CAFARO MEMORIAL HOSPITAL, Defendant-Appellant.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3866. Decided November 1, 1956.

L. C. Hartwell, Youngstown, for plaintiff-appellee.

George M. Jones, Youngstown, Charles J. Chastang, Columbus, for defendant-appellant.

### OPINION

Per CURIAM.

This is an appeal by defendant upon questions of law from a judgment for $4500.00 rendered for plaintiff against defendant for damages for personal injuries allegedly suffered as a result of defendant's negli-

gence. The defendant is a non-profit charitable osteopathic hospital incorporated under the laws of Ohio.

The trial judge overruled defendant's motions for a new trial and for judgment in its favor notwithstanding the verdict of the jury.

On July 4, 1954, while not on duty, plaintiff cut her leg on a barbed wire fence and received first aid treatment from persons unknown to her.

Plaintiff reported for duty at defendant hospital on July 5, 1954, and after informing her superior of the condition of her leg, her superior referred her to an intern employed by defendant, who cleaned plaintiff's wound, subjected her to a skin test to determine sensitivity to a tetanus antitoxin, which he testified was negative, and administered tetanus antitoxin to her.

Plaintiff continued to work at defendant's hospital for ten or eleven days therafter, and then suffered from "serum sickness," which plaintiff contends resulted directly and proximately from the negligence of defendant's intern in the administration of the tetanus antitoxin and from not waiting sufficiently long after making such test before administering such tetanus antitoxin.

In the case of **Avellone v. St. John's Hospital, 165 Oh St 467,** decided July 18, 1956, it is said:—

"A corporation not for profit, which has as its purpose the maintenance and operation of a hospital, is, under the doctrine of respondeat superior, liable for the torts of its servants. (**Taylor, Admr., v. Protestant Hospital Assn., 85 Oh St 90, Rudy v. Lakeside Hospital, 115 Oh St 539,** and paragraphs one and two of the syllabus of **Lakeside Hospital v. Kovar, Admr., 131 Oh St 333,** overruled.)

"In an action to recover damages for injury to a patient alleged to have been caused by the negligence of a nonprofit hospital, an answer filed by the defendant, which alleges that it is a corporation not for profit maintaining and operating a public charitable hospital, does not state a defense and is subject to demurrer."

By the above decision the supreme court overruled the doctrine of immunity of so-called public charitable institutions from liability for the negligence of its agents and servants which such institutions had long enjoyed.

The decision of the supreme court having been made subsequent to trial of the case we review, the case was tried in accordance with the effective law at time of trial, and defendant's errors are based thereon.

We believe that by reason of the decision of the supreme court in the case of Avellone v. St. John's Hospital, supra, we need not pass upon defendant's third and fourth assigned grounds of error, but we shall proceed to do so as we construe plaintiff's petition to be sufficiently broad to comprehend the rule governing defendant's liability in employing and retaining an alleged incompetent intern existing at the time of trial.

There is evidence that the intern, who graduated as a doctor of Osteopathy in June 1954, and entered defendant's service shortly thereafter, had been instructed as to his authority to act for defendant hospital by a manuscript published by and furnished to him by defendant, concerning which instruction he testified as follows:—

"Q. Now, Doctor, which of the officers instructed you that it was not necessary for you to obtain an order, in order for you to practice injections or practice medicine?

"A. I received, after my internship, a folder, I mean a manuscript, as to my instructions, and in it, it contained that in case which I felt that I was fully capable, it was not necessary to call the staff man, and if I did not feel capable and if the injury involved tendons and muscles I was to call the man on service at that time."

In his general charge to the jury the trial judge said:—

"The court also instructs you, however, that the defendant's employee, that is, the intern, was a representative and agent of the defendant hospital, acting within the scope and course of his employment, and that the acts of the intern while engaged in such employment and service were chargeable to the defendant Cafaro Hospital."

Defendant contends the trial judge erred to its prejudice in so charging the jury because there is no evidence in the record to support plaintiff's contention that Dr. Cannane, in administering tetanus antitoxin to her, was acting under instruction from and supervision of defendant.

The evidence is clear that the intern entered defendant's service on July 1, 1954, and acting under written instructions of defendant and by his act in treating plaintiff believed himself capable of rendering the type of medical treatment he rendered plaintiff.

In 26 O. Jur., Page 612, Section 587, Master and Servant, it is said:—

"The master's liability is not dependent upon the exercise of negligence in employing the servant, or of his knowledge or notice that the servant was an unfit person for the employment, but is based rather upon the doctrine of respondeat superior, which makes the master responsible for the acts, of the servant done in the discharge or performance of his business. The act of the servant done within the scope and in the exercise of his employment is, in law, the act of the master himself. The rule of respondeat superior rests on the power which the superior has a right to exercise, and which, for the protection of third persons, he must exercise, over the acts of his subordinates. The negligence of an employe is imputable to the employer, on the reasoning that, when the employer has such power and control over the acts of an employee, it becomes his duty to exercise that power and control so as to prevent injury to others. The theory is that the thing the servant is doing is done in obedience to the master's will. He is acting as an arm of the master, responding to the master's volition, and his tort is therefore the master's tort. The liability of the master grows out of the act of the servant, and is his liability because of the relationship of master and servant, and the servant, because he is acting as the arm of the master, by his tort may create a liability of the master, to which the master may be compelled to respond."

While the quoted language taken from 26 O. Jur., Section 587, applied to the subject of master and servant, the Supreme Court in Avellone v. St. John's Hospital, supra, has proclaimed the same doctrine of liability to non-profit charitable organizations as applied to master and servant causes generally.

The trial judge did not commit error prejudicial to defendant in the portion of his charge quoted supra.

With further reference to the general charge to the jury defendant contends that the trial judge erroneously enlarged upon the duty which defendant owed plaintiff, that the statement in such charge "he must not be hired and simply turned loose to perform any service he desires, regardless of the scope or range of such service" had an inflammatory affect upon the minds of the jury, by saying to the jury:—

"In this case the law is that to enable plaintiff to recover she must establish, among other things, by the greater weight of the evidence, that the defendant hospital failed to use ordinary care in the selection, instruction, or retention of the employee intern if the hospital authorities knew or in the exercise of ordinary care should have known of his incompetence to render the service which he would likely perform in the employment or retention. The institution must use ordinary care to determine the fitness of the employee and must use ordinary care to instruct him in his duties and of the authorized scope of his duties, the area of his authorized service and similar matters relating to the service which he was to perform. He must not be hired and simply turned loose to perform any service he desires, regardless of the scope or range of such services. He must be instructed in regard to his duties and those instructions must be sufficient so that he will, by the exercise of ordinary intelligence, himself understand what his duties are and what his range of activities may be. This involves the determination of a question of fact by the jury."

In view of the doctrine proclaimed by the Supreme Court in Avellone v. St. John's Hospital, supra, we cannot say that the quoted charge of the trial court was prejudicially erroneous as to the defendant. Indeed, it would seem to be more favorable to the defendant than to the plaintiff.

From a careful review of the evidence we conclude that the trial judge did not err to defendant's prejudice in overruling defendant's motions for a directed verdict made at the close of plaintiff's case and at the conclusion of all the evidence and for judgment in its favor notwithstanding the verdict of the jury, as in our opinion questions were presented for the consideration of the jury as to whether plaintiff had an idiosyncrasy to tetanus antitoxin injections, and as to whether defendant negligently employed such intern, and whether such intern negligently administered tetanus antitoxin to plaintiff while acting within the course and scope of his service with defendant, which negligence directly and proximately caused and produced her serum sickness.

We find no merit in defendant's contention that the jury ignored the evidence or law with reference to proximate cause as charged by it and cannot conclude that the verdict of the jury and judgment of the trial judge are against the manifest weight of the evidence.

We believe reasonable minds could reach different conclusions upon each of the controlling issues in this case, and as to whether such intern administered such injection to plaintiff pursuant to authority granted by it in obedience to instructions from defendant.

Appellant's counsel has failed to call our attention to "other errors apparent in the record," as alleged as a ground of error, or to comply in respect thereto with the provisions of Rule VII of this court that its briefs "shall contain a statement of the questions presented and a succinct statement of so much of the cause, referring to the pages of the record, as is necessary to show how the questions arose, together with a statement of the authorities relied upon." Accordingly we will not pass upon this assigned ground of error.

The judgment of the court of common pleas is affirmed.

PHILLIPS, PJ, NICHOLS and GRIFFITH, JJ, concur.